UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEYON JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:17-cv-02886-WTL-TAB |
| JUNE FRENCH, | ) |
| LAURA GRAVES, | ) |
| DAN KUZNIK, | ) |
| ELIZABETH MITCHELL, | ) |
| PIKE SCHOOL DISTRICT TOWNSHIP, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Request to Proceed *In Forma Pauperis*,
Dismissing Complaint,
And Directing Plaintiff to Show Cause**

Plaintiff Keyon Johnson commenced this action on August 22, 2017, against the Pike Township School District and three of its employees. Johnson seeks leave to proceed *in forma pauperis* and asks for monetary and other relief.

**I. Motion for Leave to Proceed *In Forma Pauperis***

The motion for leave to proceed *in forma pauperis*, Dkt. No. 2, is **granted**.

**II. The Complaint**

The Court screens *pro se* complaints pursuant to 28 U.S.C. § 1915(e)(2), which provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Johnson's complaint asserts that in August, 2016, he went to two schools in the Pike Township School District in an attempt to obtain "Educational and Financial information" about

his two children. Dkt. 1-1. The four individual defendants apparently declined to provide information about the children. Johnson also contends that defendants are liable for not notifying him when the children left the school district.

Federal courts are courts of limited jurisdiction. A federal court may exercise jurisdiction only where the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met, or the controversy arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

The Court is unable to discern a federal claim in the complaint. Johnson's recitation of facts does not implicate any federal cause of action, and indeed, Johnson does not assert one. Accordingly, the complaint does not support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision).

Additionally, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). While Johnson has not plead diversity jurisdiction, the Court nevertheless screened the complaint for any possible basis of jurisdiction, including diversity of citizenship, and found none.

Without subject matter jurisdiction, the complaint fails to state a claim upon which relief can be granted. *Fed. R. Civ. P.* 12(b)(6); 28 U.S.C. § 1915(e)(2). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co.*

*v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

The **complaint is therefore dismissed** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Before dismissing the entire action, however, plaintiff Keyon Johnson shall have **through September 15, 2017,** in which to show cause why Final Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.") Johnson may file an amended complaint that sets forth federal jurisdiction and viable grounds for relief, or he may show cause why the Court's analysis is in error and federal subject matter jurisdiction exists. The failure to either file an amended complaint or to show cause by September 15, 2017, will result in the dismissal of this action and entry of final judgment without further notice to plaintiff.

**IT IS SO ORDERED**.

Date: 8/25/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Keyon Johnson
4331 Exmorre Court
Indianapolis, IN 46254